St. Mary
v.
Harris.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Louisa A. Cook v. T. Q. Doremus, administrator.

10  679
49  167

A surviving spouse who has inherited an interest of one fourth of the estate of a predeceased child of the first marriage, forfeits the right of property in such estate by a second marriage, and becomes entitled only to a usufruct therein.

Article 1746, C. C. embraces as well, property cast by law to the surviving parent, as that which may have been donated or bequeathed.

Article 1746, C. C., constitutes an exception to Arts. 899-900, under the title of successions.

A judgment against a party suing in one capacity, does not operate as *res judicata* against him, when suing in another capacity.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *J. G. Olivier*, for plaintiff. *T. H. Lewis* and *E. C. Brent*, for defendant and appellant.

Merrick, C. J. *William S. Gordy*, by his marriage with *Caroline E. Gordy*, had four children. *Caroline E. Gordy* died in the month of January, 1847, and afterwards, during the same year, two of the children died, who had as their portion inherited an estate of $60,000, by representation of their deceased mother.

On the 17th of February, 1848, *William S. Gordy* contracted a second marriage with the plaintiff, *Louisa A. Cook*, by whom he had two children. In 1853, *William S. Gordy* died, and his widow was confirmed as tutrix to the two children of the second marriage. She brings this suit as such tutrix to compel the administrator of *William S. Gordy*, who is tutor to two of the children of the first marriage, to cause an inventory of the undivided interest of *William S. Gordy* in the estates of said predeceased children to be made. The judgment of the lower Court was in favor of the defendant, and the plaintiff has appealed.

The defendant contends that the said *William S. Gordy*, although entitled to the one fourth of the inheritances of each of his children who died before him, forfeited the same by his subsequent marriage, and became entitled to hold the same in usufruct only.

The solution of this case depends upon the correct construction of Article 1746 of the Civil Code, which is in these words : " If a person, who marries a second time, has children of his or her preceding marriage, he or she cannot, in any manner, dispose of the property given or bequeathed to him or her by the deceased spouse, or which came to him or her from a brother or sister of any of the children which remain.

" The property, by the second marriage, becomes the property of the children of the preceding marriage, and the spouse who marries again, only has the usufruct of it."

COOK
v.
DOREMUS

The French text is, (in its application to this case) stronger than the English or it prohibits the surviving father or mother from disposing of the property which comes from the succession of the deceased child: qui lui proviennent de la succession de quelque frére ou sœur des enfans qui lui restent.

It will readily be perceived that the case before us is within the letter of the Article of the Code cited. But it is contended on the part of the plaintiff that, "This Article is intended to apply only to testamentary dispositions or donations, and not to the portion reserved by law to the surviving parent. The expression in Article 1746, 'or which came to him or her from a brother or sister of any of the children which remain' as according to the French text, 'qui lui proviennent de la succession de quelque frére ou sœur, &c.,' applies to such property as was donated or bequeathed by or came from the testamentary succession of the deceased child, and does not apply to the portion reserved by law to the sur_ viving parent."

This argument is based on Articles 881, 883, 899, 900 and 1481 of the Civil Code. The first of these Articles provides, that the law does not take into consideration the origin nor the nature of the property, in order to regulate the succession. Article 883 divides heirs into three classes: ascendants, decendants and collaterals. Articles 899 and 900 give to the surviving parent the one fourth of the estate of their deceased child, and Article 1481 makes the surviving father or mother the forced heir of such deceased child, and pro- hibits the child from disposing of more than two-thirds°of his property.

It is urged in substance that to construe Article 1746 so as to divest the father of the property in the succession of his deceased child, and to leave him only an usufruct, would violate Article 881, because it would be an inquiry into the nature and origin of the property, in order to regulate the succession ; that such construction would also violate Article 1481, because it would de- prive the surviving parent of the interest in the succession of his deceased child, which is given as a forced heir, and that Article 1746 being under the head of donations and testaments, ought not to be construed so as to defeat the right of the parent as forced heir, and which is conferred by the legislation under the title of "Successions" in the Code.

Article 1746 of our Code is not contained in the Napoleon Code, but it is derived from the Spanish law. It was in substance enacted in the Code of 1808, p. 258, Art. 227, although the Article of the present Code, now under consideration, is perhaps broader in its terms.

We have not been cited to, nor with our limited means of inquiry, have we been able to find, any authority bearing directly on the question before us, but we find several decisions of our own Courts in which the corresponding Article of the old Code was incidently considered, and no where do we find it intimated, that Article 1746 should have the narrow construction contended for by the appellant's counsel. It seems to be taken for granted in all of them, that this prohibition of law applies to property inherited, as well as that acquired by will, or donation *inter vivos*.

In the case of *Duncan's Executors* v. *Hampton*, 6 N. S. 38, the Court says: "In the present case the fact of property having been held in common by the mother and her son, is contradicted, on the ground that as her share in the estate accrued in consequence of the death of a child, from whom on general principle she would have inherited, yet by her second marriage she lost the full right of inheritance, and only took a usufructuary interest. In support of

this doctrine the appellant's counsel rely on an Article of our old Civil Code, 227, found on p. 258, and which is retained in the new Code, Article 1746. It is true that these laws contain an exception to the general rule of inheritance by ascendants. But it is an exception which existed under the former laws of the country, and which appears to have its exceptions also unrepealed by any act of legislation since the country came under the dominion of the United States. One of these exceptions to the exception, is created in favor of women becoming widows before the age of majority, although they should marry a second time, and under its provision Mrs. *De Armas* rests, as is shown by the testimony in this case, for she was not of age at the death of her first husband."

In the case of *LeBlanc* v. *Landry*, 7 N. S. 665, it was in effect decided that the heirs of the forced heir of the last surviving child of the first marriage, took (under the Code of 1808) the property of that portion of the estate of the predeceased children of the first marriage, of which the mother held the usufruct in virtue of the Article cited, of the old Code, in preference to the mother.

In the case, *Venet et als*, v. *Theriot*, 15 L. R. 111, it was held under the Code of 1808, in virtue of an exception contained in the Spanish law, unrepealed by that Code, that the surviving spouse contracting a second marriage is not bound to reserve property acquired otherwise than by inheritance by the deceased child of the first marriage. But such property becomes absolutely his, from the moment of the death of such child, if purchased by him.

In the case of *Urquhart* v. *Sargent*, 2 Ann. R. 201, the doctrine of the Supreme Court mentioned in the case of *Duncan's Executors* v. *Hampton*, 6 N. S. 38, viz: that the exceptions of the Spanish law to Article 227, p. 258 of the old Code, were not repealed by it.

We find also the argument that, in as much as Article 1746 is under a distinct title, to-wit: "donations and testaments," that it cannot therefore be held to limit the provisions of the Articles cited by appellant's counsel, and found in the Code under the head of "Successions," is answered by the Supreme Court in case of the *Succession of Hoa*, 2 Ann. R. 142.

The same argument was urged by Mr. *Mazureau*, in reference to Article 1739, of the Code.

In this case the Supreme Court says: " The third chapter of the third book of the Civil Code, beginning with Article 1480, on which the appellant relies, establishes the general principles which regulate the transmission of property by disposition *inter vivos* and *mortis causa*, and the reduction of those donations in case of excess. The 9th chapter of the same book, containing Article 1739, regulates the transmission of property between married persons by the same means. This is an exception to the general rule laid down in Chapter 3d; it forms a seperate branch of legislation for dispositions between husband and wife; and the intention of the law given to establish a peculiar rule applicable to them alone, and to make that rule invariably the same when there is, issue, cannot be mistaken." What is here said in regard to Article 1739, applies with equal force to Article 1746, which must therefore be treated as an exception to the general rules of inheritance established by the Articles of the Code cited by appellant's counsel, and found under the title "Successions."

In regard to the objection raised by defendant's counsel, that the record contains a judicial admission of *William S. Gordy*, which operates as an estopel.

86

COOK
*v.*
DOREMUS.

to his heirs, we do not find such admission in the record, neither do we think that bringing a suit in one capacity, operates as *res judicata* against his rights in another. Therefore if the plaintiff has any claim on account of the usufruct due the said *William S. Gordy*, on the property belonging to the succession of his predeceased children, as seems to be intimated by defendant's counsel, it must be understood that this judgment does not bar the same.

With the reservation herein indicated, we are of the opinion that the judgment of the lower Court should be affirmed.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be affirmed, and that the appellant pay the costs of appeal.